# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LARRY DEWAYNE MCNEIL,

    Plaintiff,

v.

DUANE KIRBY; SHARLEEN C. GRAHAM;
MYRA MURPHY; JUSTIN SANDER;
JACKIE L. JOHNSON; and JAN KENNEDY,
all in their individual and official capacities,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-137

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983 contesting events allegedly occurring in Jeff Davis County, Georgia. (Doc. 1.) Concurrently, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

In his Complaint, Plaintiff asserts Defendant Duane Kirby "and other officials fabricated an arrest warrant without establishing probable cause" to arrest Plaintiff on March 24, 2014. (Doc. 1, p. 9.) Plaintiff contends Defendants, "in an ongoing conspiracy to commit fraud, did knowingly and willingly conspired [sic] with Sharleen Graham to issue a warrant without

conducting an independent assessment as required under due process rights." (Id.) Plaintiff asserts prosecutors conspired with the other Defendants to manufacture evidence to use against him during criminal proceedings. (Id. at p. 10.) Plaintiff maintains Defendants' actions violated his rights under the due process clause of the Fifth, Sixth, and Fourteenth Amendments, as well as his right to be indicted by a grand jury and his right to a trial. As relief, Plaintiff seeks an unspecified amount in compensatory and punitive damages and a declaration that Defendants violated his rights. (Id. at p. 12.)

Plaintiff asserts he filed a cause of action in the Washington County Superior Court on December 28, 2015, which deals with the same facts involved in this action. (Id. at pp. 1–2.) In addition, Plaintiff previously brought a cause of action in this Court in which he named some of the same people as defendants in that case as are named Defendants in this case. The Court dismissed that case. (Id. (citing to McNeil v. Bohannon, et al., 2:16-cv-73 (S.D. Ga.) (dismissed Aug. 12, 2016).)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion

thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Amended Complaint raises several doctrines of law, which the Court discusses in turn.

## DISCUSSION

### I. Plaintiff's Section 1983 Claims

A conspiracy to violate another person's constitutional rights gives rise to a Section 1983 action. "To establish a prima facie case of a [S]ection 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants." Id. at 1283–84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1122 (11th Cir. 1992). "[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

4

Here, Plaintiff does not set forth any facts indicating Defendants reached an understanding or agreement to violate his rights. Instead, Plaintiff makes the conclusory statement that Defendants conspired together to violate his rights by arresting him based on a warrant he claims was not supported by probable cause. Even at the frivolity stage, Plaintiff fails to set forth sufficient facts which would render his allegations "plausible". Iqbal, 556 U.S. at 678. Accordingly, the Court should **DISMISS** Plaintiff's Complaint.

## II. Whether Plaintiff can Proceed Pursuant to Section 1983

To state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff's allegations are analyzed under the Standard of Review set forth above, and the Court accepts Plaintiff's non-conclusory factual allegations as true, as the Court must at this stage. Even if Plaintiff had stated a plausible Section 1983 claim which could survive frivolity review, the Court turns to whether Plaintiff could proceed with his claims pursuant to Section 1983.

In Heck v. Humphrey, 512 U.S. 477 (1994), a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484.

> The Supreme Court reasoned:
>
> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as

6

well as money damages.[1] See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because the plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a Section 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck ); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* No.

---

[1] As noted above, Plaintiff requests monetary damages in an unspecified amount and seeks declaratory relief. (Doc. 1, p. 12.)

CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown that his conviction or sentence has been favorably terminated. To the contrary, Plaintiff's chief complaint is that he was unlawfully arrested. Plaintiff remains incarcerated based on charges arising in Jeff Davis County and for which he was arrested. http://www.dcor.state.ga.us/GDC/Offender/Query, last accessed Nov. 15, 2016. Accordingly, Plaintiff's claims are unquestionably precluded by the Heck decision.

Additional grounds support dismissal of Plaintiff's putative Section 1983 claims. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims, which essentially seek review of a state-court criminal prosecution against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, 620 F. App'x 881, 882 (11th Cir. 2015). Nor under the Rooker-Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this Section 1983 action, essentially asks this Court to

8

invalidate his conviction obtained in the Jeff Davis County Superior Court or to otherwise alter his sentence, this Court lacks jurisdiction over his claims.[2]

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

## III.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]  Plaintiff admits to having a cause of action pending in the Washington County Superior Court relating to the claims he sets forth in this cause of action. (Doc. 1, p. 1.)

9

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action for failure to state a claim and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA